# EXHIBIT A

1    January 1, 2010 if not earlier.  That is paragraph 37 in

2    docket number 2.

3            Based on this statement and the plaintiff's

4    briefing, at least as I understand it, the plaintiff

5    acknowledges that her claims fall outside of the statute of

6    limitations period.  I think Mr. Colvin said that again

7    today, but the plaintiff, nevertheless, asserts that the

8    claims are timely under equitable tolling, the doctrine of

9    equitable tolling, because the defendants fraudulently

10   concealed the conduct that gives rise to the cause of

11   action.

12           We know that the equitable tolling doctrine is

13   read into every federal statute of limitations, and the

14   plaintiff recites this in her papers and correctly so, and I

15   will cite the same case she did.  It was discussed in this

16   district in 1984 in the Dahl versus Gardner case, but that

17   is the state of the law and I think continues to be.

18           To toll the statute of limitations based on

19   fraudulent concealment, a plaintiff is required to show

20   three things.  Number one, that the defendants used

21   fraudulent means to conceal their violations.  Number two,

22   that they were successful in concealing their violations

23   from the plaintiff.  Number three, that the plaintiff did

24   not know or could not have known by due diligence of the

25   cause of action.  I'm citing here the in re Commercial

1    Explosives Litigation in this district in 1996, which in

2    turn was citing the Tenth Circuit case of King & King

3    Enterprises from 1981.

4            The first prong, the fraudulent means of

5    concealment, is required to be pled with particularity under

6    Rule 9(b).  So said the Tenth Circuit in Ballen versus

7    Prudential Bache.  I am not sure what that is.  That is

8    shorthand.  It is the Ballen case from the Tenth Circuit in

9    1994.  It is 23 F3rd, 335.

10           Thus, the complaint must set forth the time, place

11   and contents of the false representations, the identity of

12   the party making the false statements and the consequences

13   thereof.  I am citing a District Court decision from this

14   circuit, in re Urethane Antitrust Litigation from the

15   District of Kansas in 2009.  That is not a perfect fit,

16   because concealment might also include omissions, but even

17   then, under Rule 9(b) there has to be specificity about what

18   it is that was omitted or concealed or not disclosed,

19   including, if you're resting on an omission as a theory,

20   some duty to disclose, I think.  But this is something that

21   you can all vet out when we look at an amended complaint.

22           The defendants correctly point out that the

23   plaintiff has not alleged with particularity any means by

24   which the defendants fraudulently concealed their alleged

25   violations.  The complaint does include vague, conclusory

1    allegations of fraudulent concealment, and some of those

2    allegations are found, for example, in paragraphs 78 and 79,

3    where the plaintiff alleges, respectively, that the

4    defendants fraudulently concealed these violations so as to

5    obscure their illegal activity, and that is a quote from

6    paragraph 78, and that the defendants, quote, secretly

7    employed deceptive practices and techniques to avoid

8    detection and to fraudulently conceal their illegal acts.  I

9    have pulled some of that apart, but those are all words from

10   a quote in paragraph 79.

11            These allegations lack the kind of specific

12   factual content that is required.  They are not

13   particularized allegations concerning the time, place and

14   manner of the concealment or the affirmative acts of

15   concealment.  They are conclusory and vague in nature.  And

16   because the plaintiff has failed in my judgment to

17   adequately plead the first prong of the fraudulent

18   concealment or equitable tolling, the plaintiff's equitable

19   tolling argument fails, at least on the pleading, and the

20   plaintiff's antitrust claims are for that reason untimely.

21            Notwithstanding that that is the end of the

22   antitrust claims in the complaint, at least initially, I

23   believe it would be a disservice to both of you if I didn't

24   read some of the additional arguments advanced by the

25   defendants so that the plaintiff at least has fair notice of

1    claims, causes of action asserted by the plaintiff, and it

2    is unclear to me, at least from the complaint, whether the

3    plaintiff intends to assert independent fraud claims or

4    whether those claims are included merely in support of her

5    equitable tolling argument.  I can't tell.  But the

6    complaint lists, at least in the captions, fraudulent

7    concealment and fraudulent inducement as separate causes of

8    action, and for that reason let me just briefly analyze them

9    independent from the antitrust claims, to the extent that we

10   see them again and they have the same caption.

11           Under Rule 9(b) a party alleging fraud must state

12   with particularity the circumstances constituting fraud or

13   mistake.  In the Tenth Circuit a plaintiff asserting a fraud

14   claim must at a minimum, quote, set forth the who, what,

15   when, where and how of the alleged fraud, end quote, and

16   describe, quote, the time, place and contents of the false

17   representation, the identity of the party making the false

18   statements and the consequences thereof, end quote.  Those

19   are both quotes from the Tenth Circuit in the U.S. ex rel

20   Sikkenga case from 2006.

21           I am further informed that to prevail on a claim

22   of fraudulent concealment in the State of Utah, a plaintiff

23   must establish, number one, that the non-disclosed

24   information was material, number two, that the non-disclosed

25   information is known to the party failing to disclose and,

1    number three, that there was a legal duty to communicate

2    that information.  This is drawn from the Woodside Homes

3    decision from the Utah Supreme Court in 2006.

4              For fraudulent inducement in the State of Utah, a

5    plaintiff is required to show, number one, that a

6    representation was made; number two, that representation

7    concerned a presently existing material; number three, that

8    the fact was false and; number four, that the representer

9    either knew the representation to be false or made the

10   representation recklessly, knowing that there was

11   insufficient knowledge upon which to base such a

12   representation, but there is more.

13             The plaintiff must show that the representation

14   was made for the purpose of inducing the other party to act

15   on it.  Number six, that the other party was acting

16   reasonably and in ignorance of its falsity; number seven,

17   did, in fact, rely on it; and, number eight, was thereby

18   induced to act; and, number nine, that that action resulted

19   in injury and damage to the party.  I am paraphrasing some

20   of that, but that is from the Keith versus Mountain Resorts

21   Development case from the Utah Supreme Court in 2014.

22             This complaint fails to state claims for

23   fraudulent concealment and fraudulent inducement.  Broadly

24   speaking, the complaint lacks any particularized allegations

25   of fraud.

1          As to fraudulent concealment, the plaintiff has

2     not pled any facts to support this claim at all.  In fact,

3     the complaint alleges only that, quote, the defendants and

4     their coconspirators fraudulently concealed these violations

5     so as to obscure their illegal activity by secretly

6     employing deceptive practices and techniques.  That is

7     language alternatively drawn from paragraphs 78 and 79.

8     That is insufficient, facially insufficient.  It is probably

9     insufficient under Rule 8, but it is for sure insufficient

10    under Rule 9.

11          Similarly, the plaintiff has not pled fraudulent

12    inducement.  The complaint states only that, quote, Johnson

13    was fraudulently induced to enter into the contract that

14    USANA later changed without consideration and this is from

15    paragraph 90.

16          In her opposition to the motion to dismiss, the

17    plaintiff states that she was, quote, induced by the promise

18    of lifetime commissions as well as other benefits, and

19    detrimentally relied on that representation in marketing for

20    USANA for 14 years.  This is at page 11 of that opposition,

21    docket 14.

22          I will say that although the complaint does allege

23    at paragraph 68 that the plaintiff's contract with USANA

24    included a provision for lifetime commissions, that

25    allegation is insufficient.  The complaint lacks

1   particularized allegations regarding whether the promise of

2   lifetime commissions was false or whether it was made

3   recklessly, whether it was made for the purpose of inducing

4   the plaintiff to act, or whether the plaintiff reasonably

5   relied on it in entering into the contract, if you could

6   even maintain such a theory in Utah, which is unclear to me

7   given the Economic Loss Rule, and the fact that the parties

8   in fact did enter into what the plaintiff alleges was a

9   valid and enforceable contract.

10          While the Court assumes the truth of the well pled

11  allegations at the Rule 12(b) stage, it does not assume the

12  truth of vague or conclusory allegations or legal

13  conclusions as we have discussed.  These allegations of

14  fraud, if they are in fact allegations of fraud, fall far

15  short of Rule 9's particularity requirement and both fraud

16  claims are for that reason dismissed.

17          Since I'm ruling against the defendants on the

18  breach of contract claim, I think I owe an explanation of

19  the basis for that ruling as well, so let me provide that

20  now.

21          Under Utah law the elements of a claim for breach

22  of contract are, number one, the existence of a contract;

23  number two, performance by the party seeking recovery;

24  number three, breach of the contract by the other party;

25  and, number four, damages.  These are the elements set forth