IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| Lynn Allen Johnson, | MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH WITHOUT PREJUDICE |
|---|---|
| Plaintiff, | |
| v. | Case No. 2:17-cv-652 RJS DBP |
| USANA Health Sciences., | District Judge Robert J. Shelby |
| Defendant. | Magistrate Judge Brooke Wells |

This matter is referred to the undersigned from Judge Robert J. Shelby in accordance with 28 U.S.C. 636(b)(1)(A). Before the court is Plaintiff Lynn Johnson's Short Form Discovery Motion to Quash Subpoena Duces Tecum, or in the alternative, Motion for Protective Order. (ECF No. 90.) After reviewing the memoranda and relevant case law, the court finds that oral argument will not assist in adjudicating the motion and therefore under Local Rule 7-1(f) the court will determine the motion on the basis of the written papers. As set forth below, the court will deny the motion to quash, or in the alternative, for protective order without prejudice.

BACKGROUND

In October 1997, Plaintiff was an independent contractor, or associate with Defendant USANA, selling USANA's products and recruiting new associates. USANA is a network marketing company that uses an independent sales force to sell nutritional supplements, personal care, and food products throughout the United States and in many other countries. Plaintiff enjoyed success as an associate and received certain awards recognizing her success. On June 21, 2011, USANA, terminated Plaintiff's "distributorship for being on a telephone call wherein the benefit plan of another network marketing company was discussed." Complaint ¶ 34, ECF No. 2.

Subsequent to the termination, Plaintiff filed this suit alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, the Utah Antitrust Act, Utah Code Ann. §§ 76-10-3101 *et seq*. and for breach of contract, fraudulent concealment, fraud in the inducement, and declaratory relief. In essence, Plaintiff claims Defendant's actions including "illegal and collusive acts," deprived Plaintiff and other distributors from the benefits of free and open competition, which led to financial losses and specifically the loss of Plaintiff's "downline organization she developed over a thirteen-year period."

On September 12, 2019, Defendant served a subpoena duces tecum on third party Ariix, a competitor to Defendant. Defendant alleges Plaintiff violated her agreements when she invited USANA Associates to participate in an 'opportunity call' with Arix …." Def.'s Op. p. 2, ECF No. 95. The subpoena seeks inter alia, information concerning the call, Plaintiff's communications with Arix, Arix's policies and procedures, the identification of others associated with Plaintiff, and financial documents. Specifically, the subpoena requests Ariix to:

> l. Produce all documents, including without limitation communications, relating to the Ariix Call, including, without limitation, (1) documents reflecting the identity of participants; (2) marketing materials prepared for, referred to, identified in, or used during the call; (3) documents relating to the planning of or preparation for the Ariix Call; (4) any distributor agreements with any participants in the Ariix call; and (5) any recordings, transcripts, minutes or notes of the Ariix Call.
>
> 2. Produce all documents including, without limitation communications, from January l, 2010, to January 1, 2013, relating to Johnson's contracting with, joining, or otherwise participating as a distributor with Ariix.
>
> 3. Produce all documents demonstrating all earnings Johnson has received and revenues she has generated from January 1, 2011 to the present from operating a distributorship for, or otherwise selling products, on behalf of Ariix.
>
> 4. Produce all Ariix policies and procedures that have been in effect from January l, 2010 to the present.

5. Produce all communications between you and Johnson from January 1, 2010, to January 1, 2013.

6. Produce all communications between you and any person or entity from January 1, 2010, to January 1, 2013, relating to or referring to Johnson.

7. Produce all documents sufficient to identify Johnson's downline or preferred customers within Ariix from January 1, 2010 to the present, including without limitation contracts or agreements therewith.

8. Produce all communication between you and Johnson's counsel.

9. Produce all Form 1099-MISC issued by you to Johnson.

Plaintiff contends information regarding her post-termination Ariix distributorship is irrelevant, private, confidential, proprietary and "trade secret protected." Further, the information sought is not proportional to the claims at issue or the needs of the case. And finally, the release of this information will "cause Johnson needlessly to suffer 'annoyance, embarrassment, oppression, or undue burden or expense.'" Motion p. 2, ECF No. 90.

## DISCUSSION

The current dispute is impacted by Federal Rules of Civil Procedure 26 and 45. Federal Rule 26 governs discovery motions. Rule 26(b) provides:

> "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

In addition to the confines of Rule 26, Rule 45 requires the court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires excessive travel by a party or non-party; (iii) requires disclosure of a privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P.

45(d)(3)(A). Under subsection B, the court may quash or modify a subpoena if it requires "(i) disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(d)(3)(B)(i). However as "with most evidentiary and discovery privileges recognized by law, 'there is no absolute privilege for trade secrets and similar confidential information.'" *Fed. Open Mkt. Comm. Of Fed. Reserve Sys. v. Merrill*, 443 U.S. 340, 362 (1979) (quotation omitted). Rather once it is established that the information sought is a trade secret or sensitive commercial information, the requesting party must establish that the information is relevant and necessary. *See Centurion Industries, Inc. v. Waren Steurer and Assoc.*, 665 F.2d 323, 325 (10th Cir. 1981).

Plaintiff as the party seeking to quash the subpoena, or seeking a protective order, bears the burden of showing good cause for it. *See In re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.*, 669 F.2d 620, 623 (10th Cir. 1982); *Morales v. E.D. Etnyre & Co.*, 228 F.R.D. 694, 696 (D.N.M. 2005). Here Plaintiff challenges a subpoena issued to a third party, Ariix, and "[g]enerally, a party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena." *Richards v. Convergys Corp.*, 2007 WL 474012 *1 (D. Utah February 6, 2007); *see also Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003); *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999). Accordingly, for Plaintiff to have standing to bring this motion, she must present a personal right or privilege with respect to the information sought.

Court decisions have not provided a specific definition of what constitutes a personal right to oppose a third-party subpoena. Some courts, however, have applied the exception to specific factual circumstances. For example, courts have held that a party has a personal right to

4

challenge a subpoena seeking her employment records or personnel files from prior employers. *See, e.g.*, *Richards*, 2007 WL 474012 *1; *Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 WL 1627020, *2 (M.D. Fla. June 6, 2006). While other courts have held that individuals have standing to oppose subpoenas of their banking or psychiatric and mental health records. *See, e.g., Jacobs v. Conn. Cmty. Technical Coll.*, 258 F.R.D. 192, 195 (D.Conn. 2009) (mental health records); *Chazin v. Lieberman*, 129 F.R.D. 97, 98 (S.D.N.Y.1990) (bank records).

Plaintiff argues information regarding her post-termination Ariix distributorship is irrelevant, private, confidential, proprietary and "trade secret protected." In addition, Plaintiff takes issue with the proportionality of the requested discovery. Finally, Plaintiff alleges the release of this information will "cause Johnson needlessly to suffer 'annoyance, embarrassment, oppression, or undue burden or expense.'" Motion p. 2, ECF No. 90. As noted by a sister court in this circuit,

> Parties objecting to [a subpoena] on the basis of ... privilege bear the burden of establishing that it applies. To carry the burden, they must describe in detail the documents or information to be protected and provide precise reasons for the objection to discovery. A blanket claim as to the applicability of a privilege does not satisfy the burden of proof. *Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicenter of Haverstraw, Inc*., 211 F.R.D. 658, 661 (D. Kan. 2003) (quotations and citations omitted).

Plaintiff fails to satisfy these requirements with respect to assertions of privilege. Further, Plaintiff merely offers broad generalizations without citations to any authority or describing in detail the documents or information that is to be protected. As such, the court does not possess sufficient information to enable it to determine whether elements of the asserted privilege are satisfied. *See Jones v. Boeing Co.*, 163 F.R.D. 15, 17 (D.Kan. 1995) (holding that a claim of privilege fails upon insufficient evidence as to any element). Given this failure to provide the required information, the court could deny the motion to quash, or for protective order, and order

the discovery to immediately proceed. Given the nature and scope of the materials requested, however, the court will deny the motion without prejudice and direct Plaintiff to provide to Defendants within thirty (30) days from the date of this order a list with "a detailed description of the materials in dispute and ... specific and precise reasons for [its] claim of protection from disclosure." *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 334 (D.Kan.1991) (citation omitted).

The court will also order Defendant to examine and redraft the subpoena requests within twenty (20) days from the date of this order. This must be done in a manner to make them more narrowly tailored to the pertinent issues in this case. For example, seeking "all communications between [Arixx] and Johnson from January 1, 2010, to January 1, 2013" is too broad of a request as "all communications" will include irrelevant information. *See, e.g., Himoinsa Power Sys., Inc. v. Power Link Mach. Co.*, 2010 WL 2265160, at *4 (D. Kan. June 2, 2010) ("The request for **all communications** concerning industrial equipment is also overly broad and an abusive discovery request.") (emphasis added); *Aramburu v. Boeing Co.*, 1994 WL 810248, at *3 (D. Kan. Sept. 22, 1994) (sustaining overly broad objection to discovery request seeking "all communications from any governmental agency"). There are also privacy implications in Defendant's request for "all documents, including without limitation communications, relating to the Ariix Call, including, without limitation, (1) documents reflecting the identity of participants." Other courts have cited to this concern in denying a party access to information that might reveal the identities of third parties. *See, e.g., Bluitt et al. v. R.J. Reynolds Tobacco Co. et al*, 1994 WL 658470, *1-2 (E.D.La. Nov. 21, 1994) (granting motion to quash for "major concerns" that the "underlying information might reveal the identities of participants"); *Kirk v. U.S. Dep't of Justice*, 704 F. Supp. 288, 292–93 (D.D.C. 1989) (withholding of identities of third parties due to privacy

concerns). As currently written, Defendant's subpoena requests are lacking in many aspects and it is on this basis that the court is hesitant to allow them to issue.

ORDER

For the reasons set forth above Plaintiff's Motion to Quash, or in the alternative for Protective Order is DENIED WITHOUT PREJUDICE. Plaintiff is ordered to provide to Defendants within thirty (30) days from the date of this order the list as set forth above.

IT IS FURTHER ORDERED that Defendant is to redraft the subpoena requests within twenty (20) days from the date of this order in a manner to make them more narrowly tailored and to avoid any privacy implications.

Once the parties have completed these obligations, the parties are FURTHER ORDERED to meaningfully meet and confer in an effort to resolve the dispute over discovery sought from Arixx.

IT IS SO ORDERED.

DATED this 15 November 2019.

_____
Dustin B. Pead
United States Magistrate Judge