IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNN ALLEN JOHNSON, an individual,<br><br>Plaintiff,<br>v.<br><br>USANA HEALTH SCIENCES INC., a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00652-RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant USANA Health Sciences Inc.'s Short Form Discovery Motion.[1] (ECF No. 99.) The court ordered further briefing on Defendant's motion, (ECF No. 106) and granted several extensions for the parties to work through the discovery disputes. To the parties' credit, most issues have been resolved though cooperation. What remains are two categories of requested discovery that the court will address.[2]

## BACKGROUND

In October 1997, Plaintiff Lynn Johnson, was an independent contractor or associate with Defendant USANA, selling USANA's products and recruiting new associates. USANA is a network marketing company that uses an independent sales force to sell nutritional supplements, personal care, and food products throughout the United States and in many other countries. Plaintiff enjoyed success as an associate and received certain awards recognizing her success. On June 21, 2011, USANA, terminated Plaintiff's "distributorship for being on a telephone call

---

[1] This case was referred to the undersigned from Judge Robert Shelby pursuant to 28 U.S.C. § 636 (b)(1)(A). (ECF No. 24.), (ECF No. 81.)

[2] The court decides the motion on the basis of the written memoranda of the parties. DUCivR 7-1(f).

wherein the benefit plan of another network marketing company was discussed." Complaint ¶ 34, ECF No. 2.

Subsequent to the termination, Plaintiff filed this suit alleging violations of Sections 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1, 2, the Utah Antitrust Act, Utah Code Ann. §§ 76-10-3101 *et seq*. and for breach of contract, fraudulent concealment, fraud in the inducement, and declaratory relief. In essence, Plaintiff claims Defendant's actions including "illegal and collusive acts," deprived Plaintiff and other distributors from the benefits of free and open competition, which led to financial losses and specifically the loss of Plaintiff's "downline organization she developed over a thirteen-year period."

## DISCUSSION

The parties have successfully resolved the majority of Defendants original short form discovery motion. What remains are primarily two requested categories of information 1) Facebook messages from Plaintiff's Facebook account; and 2) Documents responsive to Request For Production (RFP) numbers 5, 11, and 12 from Plaintiff's Gmail account that was previously unknown to Defendant.[3]

> Federal Rule of Civil Procedure 26(b)(1) provides that
>
> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

---

[3] Defendant provides that RFP Nos 5, 11, and 12 "ask for the production of documents regarding: (1) communications between Plaintiff and former or current USANA customers or distributors relating or referring to Ariix (RFP No. 5); (2) communications between Plaintiff and Ariix, or anyone employed by, contracting with, or representing Ariix, for the time period of January 2011 to December 2012 (RFP No. 11); and (3) communications between Plaintiff and USANA, or anyone employed by or contracting with, or representing USANA, for the time period of January 2011 to December 2012 (RFP No. 12)." (ECF No. 119 p. 3.)

**(i)     Facebook Messages**

USANA seeks the contents of Plaintiff's social media accounts from January 2011 to December 2012. Plaintiff produced the majority of this information save for her correspondence through Facebook messages. Plaintiff argues USANA's request "seeks an entire unlimited personal messenger account for a defined two (2) year period." (ECF No. 120 p. 2.) Plaintiff avers that she used her Facebook Messenger Application like a personal email account so it contains personal and confidential information with friends and family. Plaintiff is willing to produce certain items if USANA revises its request "to limit the search of messages between specific issues and individuals relevant to this case., …." (ECF No. 120 p. 2.)

The court agrees that discovery is limited to those items that are relevant to the issues in this case. And now, considerations of both relevance and proportionality govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment. At the discovery stage, however, relevance is still broadly construed. "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). The court has no difficulty finding relevant messages that mention USANA, its products, or services. Moreover, any mention or discussion of other network marketing companies would also be relevant. Such information directly impacts this case. But, the court agrees that purely personal communications that do not mention anything related to this case are irrelevant. Defendant is to redraft the request to narrow the scope to those items that are relevant to this case. Plaintiff is reminded that relevance is broadly construed and includes messages that may not be admissible at trial. Accordingly, Defendant's Motion to Compel will be denied without prejudice as to the Facebook messages.

**(ii)     Documents responsive to RFP Nos. 5, 11, and 12**

Previously Plaintiff told USANA that she did not have any responsive emails to these RFPs because the hard drives they were stored on were destroyed by an electrical storm. USANA, however, discovered that Plaintiff has a Gmail account (lynnallenjohnson@gmail.com) that may contain discoverable information since email is stored on Gmail's servers. In response, Plaintiff agrees to review the email account "for any responsive documents" with one reservation. Plaintiff asserts the request for "communications between Plaintiff and former or current USANA customers or distributors relating or referring to Arixx" is unqualified. (ECF No. 120 p. 2.) The court will qualify this request to match the time period USANA sought for information from Plaintiff's social media accounts -- from January 2011 to December 2012. The court finds this is a logical starting point. If necessary, and if good cause is shown by Defendant, the court will consider expanding the search beyond that time frame. Plaintiff is to produce any communications between Plaintiff and former or current USANA customers or distributors relating or referring to Ariix during this time frame as well as communications that fall within the other RFPs at issue.

**ORDER**

Defendant's Short Form Discovery Motion (ECF No. 99.) is DENIED WITHOUT PREJUDICE. Defendant is to redraft the request for Facebook messages to those items relevant to the instant matter. Plaintiff is to search her Gmail account and provide the requested information as set forth above within fourteen (14) days from the date of this order.

IT IS SO ORDERED.

DATED this 17 June 2020.

_____
Dustin B. Pead
United States Magistrate Judge