IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LYNN ALLEN JOHNSON, an individual,<br><br>Plaintiff,<br>v.<br><br>USANA HEALTH SCIENCES INC., a Utah corporation,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:17-cv-00652-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Defendant USANA Health Sciences Inc.'s Short Form Discovery Motion.[1] (ECF No. 142.) USANA seeks an order "permitting third-party data discovery firm, Xact Data Discovery, to conduct a search of Plaintiff's Gmail account for responsive communications." Motion p. 3, ECF No. 142. USANA agrees to bear the expenses of the search. Plaintiff opposes the request, asserting this is the definition of a fishing expedition, which is not permissible under the Federal Rules. As set forth herein, the court grants the motion.

## BACKGROUND

In October 1997, Plaintiff Lynn Johnson, was an independent contractor or associate with Defendant USANA, selling USANA's products and recruiting new associates. USANA is a network marketing company that uses an independent sales force to sell nutritional supplements, personal care, and food products throughout the United States and in many other countries. Plaintiff enjoyed success as an associate and received certain awards recognizing her success. On June 21, 2011, USANA, terminated Plaintiff's "distributorship for being on a telephone call

---

[1] This case was referred to the undersigned from Judge Robert Shelby pursuant to 28 U.S.C. § 636 (b)(1)(A). (ECF No. 24.), (ECF No. 81.)

wherein the benefit plan of another network marketing company was discussed." Complaint ¶ 34, ECF No. 2. In this motion, Defendant seeks the production of emails that pertain to Plaintiff's recruiting efforts.

## DISCUSSION

Defendant alleges Plaintiff did a large part of her recruiting via email. In an effort to locate recruiting emails and correspondence Defendant subpoenaed third parties and they produced some relevant emails. Defendant expresses concern, however, that other emails are still missing. An electrical storm destroyed Plaintiff's computer and at her deposition, Plaintiff testified that she has not reviewed her Gmail account personally or requested professional assistance in doing such a review. In addition, Defendant points to recent evidence that indicates GoDaddy.com hosted Plaintiff's email address lynn@lynnallenjohnson.com. Plaintiff allowed her GoDaddy.com account to lapse in September 2017, three months after Plaintiff filed this suit, which led to the closing of her account and the deletion of stored emails. At her deposition, Plaintiff also testified that she intended to file a lawsuit from the time of her termination. Such testimony, in Defendant's opinion, supports the assertion that Plaintiff failed in her duty to preserve evidence. *See, e.g., Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007) (noting that a spoliation sanction may be proper where a "party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent").

Federal Rule of Civil Procedure 26(b)(1), which governs discovery, provides that,

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1). As noted by the Supreme Court, "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is broadly construed as relevant. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

Previously in June 2020, the court ordered Plaintiff to produce relevant email from her Gmail account lynnallenjohnson@gmail.com for the period of January 2011 to December 2012. (ECF No. 121.) Defendant asserts that Plaintiff produced 733 irrelevant email communications, most of which consisted of spam emails with no connection to this case. Plaintiff does not contest this fact, and instead, focuses on Defendant's subpoenas to third parties that already produced relevant emails. Plaintiff argues this new motion is a "fishing expedition" and further asserts Defendant cannot point to a lack of evidence supporting its theory as the basis for the new request. Plaintiff's testimony given at her deposition, however, undermines her arguments. Plaintiff testified about getting a new computer because her old one crashed, a computer person named "Daniel" whose last name she could not remember, that may have looked for emails, and her son-in-law Christian, who also helped with setting up her email accounts. Taken together, Plaintiff's testimony creates concerns about the adequacy of the search for relevant emails. Accordingly, the court will grant Defendant's motion for Xact Data Discovery to conduct a search of Plaintiff's Gmail account for responsive communications. *See, e.g., Hanks v. Aminokit Lab'ys, Inc.*, No. 17-CV-01108-RM-MJW, 2018 WL 6428268, at *6 (D. Colo. June 29, 2018) (noting problems with archived emails necessitated the use of a third party vendor to search for emails); *Spieker v. Quest Cherokee, LLC*, No. 07-1225-EFM, 2008 WL 4758604, at *1 (D. Kan. Oct. 30, 2008) (noting the use of a third party vendor for email searching).

## ORDER

For the reasons set forth above, Defendant's motion is GRANTED.

IT IS SO ORDERED.

DATED this 4 June 2021.

_____
Dustin B. Pead
United States Magistrate Judge